# EXHIBIT "A"

Case Number: CACE-17-000422 Division: 03

Filing # 50709571 E-Filed 01/03/2017 03:54:40 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MOHAMED HAMAMA,

        Plaintiff,                    Case No.:
                                              Division:

v.

MEDNAX SERVICES, INC.,

        Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### Preliminary Statement

1. Plaintiff Mohamed Hamama (hereinafter "Hamama" or "Plaintiff") is a Moroccan Muslim of Arab descent. He applied for a position at Mednax Services, Inc. (hereinafter "Mednax" or "Defendant") in September 2015. Defendant made assurances that Hamama would receive the position until the terrorist attack in Paris on November 14, 2015, at which point Defendant revoked its offer of employment because of Hamama's race, national origin, and religion.

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., and the Florida Civil Rights Act of 1992 for discrimination based on race, religion, and national origin.

### JURISDICTION

3. Jurisdiction of this matter is proper pursuant to Fla. Stat. §34.01 and Fla. Stat. §26.102, as the matter in controversy exceeds the sum of $15,000.

### VENUE

4. Venue in this Court is proper pursuant to Fla. Stat. §47.011 and Fla. Stat. §47.051, because the cause of action accrued in Sunrise, Broward County, FL and the amount in controversy exceeds $15,000.

## PARTIES

5. Hamama resides in Lauderhill, Broward County, Florida. Hamama's application was placed with the Mednax office in Sunrise, Broward County, Florida. Throughout all relevant times Plaintiff was and is an adherent of the Muslim faith.

6. Defendant is a Florida corporation with its Corporate Office in Sunrise, Broward County, Florida. Defendant is an employer within the meaning of Title VII and the FCRA, as Defendant has continuously employed at least 15 employees during the current or proceeding calendar year.

## STATEMENT OF FACT

7. Hamama is a senior manager with over 18 years of operational and financial experience. He has international experience, and holds an MBA and a Six Sigma Black Belt certification. Hamama speaks English, Arabic, and French, and has extensive experience in operations and management.

8. Hamama applied for a Lead Operations and Processing Improvements position with Mednax on or about September 23, 2015.

9. Hamama was qualified for the position, and over the next five weeks went through the screening necessary to move forward with the application process.

10. On November 11, 2015, Hamama received an email from Liza Fandino, HR Recruiter ("Fandino"), stating that Hamama was "confirmed to do a phone screen interview

tomorrow - Thursday - 11/12/15 at 1:00PM eastern time with Laura Morquecho - Office-Based Operations Manager."

11. After the interview on Thursday, November 12, 2015, Hamama sent a thank you email to Morquecho, detailing the interview, and sending additional documents detailing his experience in process improvement projects.

12. In the email, Hamama talks about his experience performing the functions of a process improvement position in the Europe, Middle East, and Africa region, or "EMEA" region, and details his experience with these projects in Arabic and French.

13. On Friday, November 13, 2015, Hamama received a call from Human Resources stating that his qualifications and screening made him a top candidate for the position, and requesting that he report to Defendant's headquarters in Sunrise, Florida to meet with Jenny Benoit ("Benoit"), National Director of Operations, Office-Based Practices.

14. That same day, Hamama went to Defendant's headquarters, and spoke with Benoit in person. Benoit then asked Hamama to come back to Defendant's headquarters for an in-person interview the following Wednesday, November 18.

15. After this in person meeting, HR Recruiter Liza Fandino sent Hamama a confirmation email at 11:57 AM, stating that she had Hamama "confirmed for a[n] in person interview with Jenny Benoit - National Director of Operations, Office-Based Practices on Wednesday - 11/18/15 at 3:00PM."

16. That same evening after Hamama had confirmed his in person interview, Paris was attacked by a series of coordinated bombings and shootings organized by Islamic terrorist group ISIL/ISIS ("Paris Attacks").

17. At all times relevant, Defendant was aware that Hamama had worked extensively in French and Arabic-speaking nations.

18. On Monday morning, November 16, 2015, the Monday after the Paris Attacks, Hamama received a call from Defendant's HR department, stating that the interview had been cancelled. When Defendant asked why the interview was cancelled, HR gave no reason.

19. Because Hamama believed Defendant cancelled the interview because of the Paris Attacks, Hamama sent an email to Benoit, asking for an explanation and expressing his fears that his rejection was because of the Paris Attacks. Benoit never responded.

20. After multiple calls and emails asking for an explanation as to why he was not hired, an individual representing Defendant called Hamama and told him not to call again, and that any questions as to why he was not hired were "inappropriate."

21. After going through this painful rejection, Hamama suffered stress related heart conditions and experienced physical and emotional pain and suffering.

22. Hamama then dual-filed by mail a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on May 2, 2016.

23. Hamama received Defendant's position statement on September 7, 2016, and responded through the rebuttal process on September 28, 2016.

24. The EEOC sent Hamama's Notice of Right to Sue on September 30, 2016, and Hamama received said Notice on October 4, 2016.

25. Plaintiff files this complaint within 90 days of receiving this notice.

**CLAIMS FOR RELIEF**

## Count I. Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1991

26. Paragraphs 1 - 24 are incorporated by reference as if fully set forth herein.

27. Hamama belonged to a protected class, as he is a Muslim of Arab and Moroccan descent.

28. Hamama was more than qualified for the position of Lead, Operations and Process Improvement, and applied for said position with Defendant.

29. Hamama was rejected from the hiring process after the Paris Attacks, even though Hamama had an interview scheduled with Benoit to continue the application process.

30. Upon information and belief, Defendant continued the application process to hire another individual with Hamama's qualifications.

31. Defendant had no legitimate business reason for rejecting Hamama from the hiring process, and any proffered reason is pretext for discrimination.

32. Based on the foregoing, Defendant unlawfully discriminated against Hamama in hiring because of his race, religion, and national origin in violation of 42 U.S.C. § 2000e et. seq.

33. As a result of this unlawful discrimination, Hamama suffered damages as a result of Defendant's unlawful conduct, including loss of employment, physical ailments, economic hardship, emotional pain and suffering, and humiliation.

34. In discriminating against Hamama, Defendant acted with malice and reckless disregard for Hamama's federally protected rights.

35. Hamama satisfied all conditions precedent for bringing suit under Title VII.

36. On September 30, 2016, the EEOC issued notice of right to sue as to Plaintiff's charge. Plaintiff received these notices on or about October 4, 2016.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter an order:

(a) Enjoining Defendant from discriminating in the future on the basis of an employee's religion, ethnic characteristics or national origin;

(b) Awarding economic damages to Plaintiff;

(c) Awarding compensatory damages to Plaintiff for physical and emotional pain, suffering and humiliation caused by Defendant's acts of discrimination against Plaintiff;

(d) Awarding punitive damages caused by Defendant's acts of discrimination taken with malice and with reckless disregard for Plaintiff's federally protected rights;

(e) Awarding Plaintiff his reasonable attorney fees and costs of this action; and

(f) Awarding such other relief as this Court deems appropriate.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

/s/Katherine Heffner
Katherine Heffner
Florida Bar No. 112955
Email: kheffner@cair.com
CAIR Florida
8076 North 56th Street
Tampa, FL 33617
Telephone: (813) 514-1414
Facsimile: (813) 987-2400

ATTORNEY FOR PLAINTIFF

Case Number: CACE-17-000422 Division: 03

Filing # 50709571 E-Filed 01/03/2017 03:54:40 PM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Katherine A Heffner</u>
Plaintiff
vs.
<u>Mednax Services, Inc.</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 1/3/2017 3:54:36 PM.****

COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III. REMEDIES SOUGHT (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV. NUMBER OF CAUSES OF ACTION: (   )
(Specify)

1

V. IS THIS CASE A CLASS ACTION LAWSUIT?
- ☐ Yes
- ☒ No

VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

None

VII. IS JURY TRIAL DEMANDED IN COMPLAINT?
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Katherine A Heffner      FL Bar No.: 112955
         Attorney or party                                            (Bar number, if attorney)

         Katherine A Heffner    01/03/2017
         (Type or print name)                                         Date

Filing # 54575742 E-Filed 04/03/2017 05:00:12 PM

IN THE CIRCUT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

MOHAMED HAMAMA

    Plaintiff,

              -vs-

Case No: 2017 CA 000422

<u>MEDNAX SERVICES, INC.</u>

_____,

    Defendant(s).

# SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

          MEDNAX SERVICES, INC
          C/O CT CORPORATION SYSTEM
          1200 Pine Island Road
          Plantation FL 33324

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

          CAIR FLORIDA
          C/O TARK RICHARD AOUADI, ESQ.
          8076 N 56 Street Tampa, FL 33617

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____APR 10 2017_____, _____.

                                                                 Broward County Clerk of Circuit Court

                                    By _____
                                             Deputy Clerk Civil Division

                                             **BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 4/3/2017 5:00:08 PM.****